IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  )  <br> ) Case No. 20-cr-414 <br> **Plaintiff,**  ) <br> ) Judge Dan Aaron Polster <br> v.  ) <br> ) **OPINION & ORDER** <br> **CEDRIC ROBERSON,**  ) <br> ) <br> **Defendant.**  ) | |

Before the Court is Defendant Cedric Roberson's Motion to Vacate under 28 U.S.C. § 2255 (the "Motion"). ECF Doc. 46. For the reasons that follow, the Motion is DENIED.

On June 15, 2021, the Court accepted Roberson's guilty plea to one count of possession of a firearm by a convicted felon and imposed a sentence of 90-months' incarceration and five years' post-release supervision. ECF Docs. 42, 43. Roberson now requests vacatur of his sentence because the Pre-Sentence Report did not include sufficient indicia of reliability to conclude that he used or possessed firearms in the commission of his prior domestic felonies, which were used to enhance his offense level. *See* ECF Doc. 46 (citing *United States v. Carrion-Melendez*, 26 F.4th 508 (1st Cir. 2022)).

The Motion's request for vacatur is foreclosed by the collateral attack waiver in Roberson's written plea agreement. More specifically, Roberson expressly waived his right to challenge his sentence through a Section 2255 proceeding, with the exception that Roberson could challenge his sentence if it exceeded the maximum length set forth either by a relevant statute or by the sentencing guideline range for the offense level specified in the plea agreement. ECF Doc. 43 at ¶ 19. However, Roberson has not argued that his sentence falls within either of these exceptions. *See* ECF Doc. 46. The Court's independent review of the record confirms that Roberson's 90-month

sentence is shorter than the 120-month maximum sentence for violation of 18 U.S.C. § 922(g) and within the 77- to 96-month guideline range for his Offense Level of 24 and Criminal History Category of IV. ECF Docs. 37, 45.[*]

Accordingly, the collateral attack waiver applies, and the Court must now enforce the waiver. Roberson's Motion to Vacate under 28 U.S.C. § 2255 (ECF Doc. 46) is hereby **DENIED**. Furthermore, pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), there is no basis upon which to issue a certificate of appealability.

    **IT IS SO ORDERED.**

*/s/ Dan Aaron Polster June 24, 2022*
**Dan Aaron Polster**
**United States District Judge**

---

[*] The Court notes that Roberson and the Government agreed to an offense level of 24. ECF Doc. 37 at ¶ 8. Roberson actual offense level was 30 because he had three prior felony convictions for crimes of violence, but the Court accepted the parties' negotiated downward variance and halved his potential incarceration term. *See* ECF Doc. 45.